Frank J. Martinez (FJM-2149)
THE MARTINEZ GROUP PLLC
55 Poplar Street, Suite 1-D
Brooklyn, New York 11201
718.797.2341 Telephone
FM@martinezgroup.com
Attorney Docket: 1354-36

IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF NEW YORK

------------------------------------------------------------------- X
**HYPEFORTYPE, LTD.,**                                            :
                                                                  :      17-CV-03758
                                              Plaintiff,          :      (FB) (JO)
                                                                  :
-against-                                                         :      **COMPLAINT**
                                                                  :
                                                                  :      (Jury Trial Demanded)
                                                                  :
**IMMEDIATE MEDIA COMPANY NORTH**                                 :
**AMERICA, INC.,**                                                :
                                                                  :
                                                                  :
                                              Defendant.          :
------------------------------------------------------------------- X

Plaintiff HYPEFORTYPE, LTD. ("HFT" or "Plaintiff"), by and through its attorneys, The Martinez Group PLLC, for its Complaint against Defendant IMMEDIATE MEDIA COMPANY NORTH AMERICA, INC. ("Immediate" or "Defendant"), hereby alleges as follows:

**NATURE AND SUBSTANCE OF THE ACTION**

1. Plaintiff files this action against Defendant for Copyright Infringement under 17 U.S.C. § 501, *et seq.*

2. This action is brought in response to a classic case of Copyright Infringement; specifically, the unauthorized, commercial for-profit use of works created using

{00026391 v.1}
1

Plaintiff's copyrighted F37 Ginger Regular, F37 Ginger Bold, and F37 Ginger Light typeface font software ("Font" or "Font Software").

3. Upon information and belief, Defendant used Plaintiff's Font Software in images and articles contained in the December 2016 and Portfolio 2017 issues of BBC Top Gear Magazine ("Top Gear") and further in the creation of images and articles available via the Top Gear application ("App") available for use on mobile devices and computers.

4. Title 17 of the United States Code (Copyright Act) was enacted to provide remedies to copyright owners who suffer damages by reason of such actions.

## JURISDICTION AND VENUE

5. This is an action for Copyright Infringement arising under the Copyright Act of 1976, 17 U.S.C. § 501, *et seq.*, seeking damages by reason of Defendant's ongoing infringement of Plaintiff's valid and subsisting copyright.

6. This Court has jurisdiction of this action under 28 U.S.C. §§ 1331, 1332, and 1338(a).

7. Venue is proper in this district under 28 U.S.C. §§ 1391 and 1400 in that Defendant or Defendant's agents may be found in this District, and, upon information and belief, Defendant transacts business in this District.

## THE PARTIES

8. Plaintiff is a corporation formed under the laws of the United Kingdom with its principal place of business located at P.O. Box 4955, Calleywhite Lane Industrial Estate, Calleywhite Lane, Dronfield, S12 9DZ, United Kingdom.

...

9. Plaintiff is the exclusive agent of Face37, Ltd. ("Face37"), designer, author, and owner of the copyrighted work at issue in this matter and is authorized to act in this matter.

10. Face37 is a corporation formed under the laws of the United Kingdom with its principal place of business located at 320 Beaux Arts Building, 10-18 Manor Gardens, London, N7 6JW, United Kingdom.

11. Plaintiff conducts business throughout the world, the United States, the State of New York, and the County of Kings via Plaintiff's commercial website on the Internet located at http://www.hypefortype.com.

12. Plaintiff designs, creates, and licenses, among other products and services, custom typeface font software for others as well as, in creating font software for its own benefit.

13. Plaintiff offers its typeface font software for licensing to third parties directly via its own website and the websites of authorized distributors of such goods.

14. Upon information and belief, Defendant is a corporation formed under the laws of the State of Delaware with an address of 850 New Burton Road, Suite 201, Dover, Delaware 19904.

15. Upon information and belief, Defendant is a wholly owned subsidiary of Immediate Media Company, Ltd. ("Immediate Ltd.").

16. Immediate Ltd. is a corporation formed under the laws of the United Kingdom with an address of Vineyard House, 44 Brook Green, London, W6 7BT, United Kingdom.

17. Upon information and belief, Defendant, in addition to conducting business in Delaware, is further authorized to conduct business by the Secretaries of State of North Carolina and Oregon.

18. Upon information and belief, Defendant was also previously authorized to conduct

business by the Secretaries of State in Colorado and Virginia.

19. Upon information and belief, Defendant is a publisher of print and digital magazines and magazine-related Apps.

20. Upon information and belief, Defendant conducts business worldwide, in the United States, the State of New York, and the County of Kings by way of its website at http://www.immediate.co.uk and though third-party online vendors including, *inter alia*, http://www.amazon.com, http://www.barnesandnoble.com, and Barnes and Noble physical retailers.

## FACTS COMMON TO ALL CLAIMS

21. Plaintiff is engaged in the business of creating works of typographic art and graphic design as well as designing, creating, manufacturing, marketing, and licensing the use of typeface font software for itself and for third parties.

22. Plaintiff licenses typeface font software fonts directly from its own e-commerce website at http://www.hypefortype.com and by way of authorized third-party distributors of such goods.

23. Plaintiff has at all times been the exclusive licensor of the Font Software at issue in this matter.

24. Plaintiff is the representative owner of the U.S. Copyright Registration Serial Numbers TX-8-226-280 (Text of Computer Program for an F37 GINGER REGULAR Typeface Font), TX-8-226-283 (Text of Computer Program for an F37 GINGER BOLD Typeface Font), and TX-8-226-553 (Text of Computer Program for an F37 GINGER LIGHT Typeface Font), showings of which are annexed hereto as Exhibit A.

25. A showing of the designs embodied in Plaintiff's Font Software is annexed hereto as Exhibit B.

26. Plaintiff's copyrights are valid and subsisting.

27. Plaintiff is the sole, exclusive sales and licensing agent for the Font Software.

28. Licenses to use the Font Software are sold on a per font basis and/or for collections of fonts directly by Plaintiff or by way of authorized third-party vendors of licenses to use such goods.

29. Plaintiff controls the use of its typeface font software by means of its Font Software Desktop License End User License Agreement ("EULA"), which specifically prohibits the uses complained of herein without the purchase of a special license.

30. A copy of Plaintiff's EULA is annexed hereto as Exhibit C.

31. Plaintiff has sold, continues to sell, and derives significant revenue from the sale of licenses to use its Font Software.

32. Plaintiff requires a license upgrade ("Special Font License") for use of its typeface font software in commercial, for-profit usage including, *inter alia*, on physical goods, as well as for use in Apps.

33. Upon information and belief, Plaintiff's records show Defendant has not purchased any basic license to use the Font Software.

34. Upon information and belief, Plaintiff's records further show that Defendant has not purchased the additional and required license upgrade to use the Font Software in the manners complained herein.

**DEFENDANT'S ACTIONS**

35. Upon information and belief, Defendant has used and/or caused others to use the Font Software in images and articles in the December 2016 and Portfolio 2017 issues of Top Gear, showings of which are annexed hereto as <u>Exhibit D</u>.

36. Upon information and belief, Defendant has used and/or caused others to use the Font Software in images and articles in the Top Gear App available from the Google Play Store and Apple App Store (<u>See</u> <u>Exhibit D</u>).

37. Defendant's use of the Font Software in the manners complained of herein represents an ongoing infringement of Plaintiff's valid copyright in and to the Font Software.

38. The natural, probable, and foreseeable result of Defendant's wrongful conduct has been and continues to be to deprive Plaintiff of the benefits and revenue from the sale of appropriate licenses to use the Font Software in the manners complained of herein.

39. The natural, probable, and foreseeable result of Defendant's wrongful conduct has been and continues to be to injure Plaintiff's relationships with present and prospective customers who rely on the cachet that exclusive licensing creates in the Font Software.

40. Plaintiff has lost and will continue to lose substantial revenue from Defendant's wrongful use, copying, and distribution of Plaintiff's Font Software.

41. Defendant's wrongful conduct has deprived and will continue to deprive Plaintiff of opportunities for expanding the goodwill associated with the Font Software.

42. Defendant has refused to cease and desist from infringing upon Plaintiff's valuable copyrights despite several demands for such action.

## FIRST CAUSE OF ACTION
## COPYRIGHT INFRINGEMENT
## 17 U.S.C. § 501, *et seq*.

43. Plaintiff repeats and realleges each and every allegation of the Complaint as set forth in Paragraphs 1 through 42, inclusive, and incorporates them herein by this reference.

44. Upon information and belief, Defendant has impermissibly copied or caused others to copy its copyrighted Font Software in the creation and distribution of its publications and applications.

45. By reason thereof, Defendant has infringed and will continue to infringe Plaintiff's valuable copyright in and to the Font Software.

46. Defendant's actions represent a past and ongoing infringement of Plaintiff's copyrights under 17 U.S.C. § 501, *et seq*.

47. Plaintiff is entitled to recover damages it has sustained and will continue to sustain, together with any gains, profits, and advantages obtained by Defendant together with prejudgment interest as the result of the acts of infringement alleged herein.

48. At present, the amount of such damages, gains, profits, and advantages cannot be fully ascertained by Plaintiff, but are believed to be not less than $150,000 together with prejudgment interest and reasonable costs and fees or Statutory Damages under Copyright Law, whichever is greater.

49. Plaintiff has no adequate remedy at law.

## PRAYER FOR RELIEF

**WHEREFORE**, Plaintiff respectfully requests and prays that this Court will:

1. Preliminarily and permanently enjoin and restrain Defendant, its officers, directors, principals, agents, servants, employees, successors, assigns, and all those in active concert or participation with them from:
    (a) imitating, copying, distributing, or making unauthorized use of HFT's registered copyrights, including the infringing uses of the Font Software complained of herein; and
    (b) manufacturing, creating, producing, advertising, promoting, or displaying any products, displays, or advertisements bearing any simulation, reproduction, counterfeit, copy, derivative version, or colorable imitation of HFT's copyrighted Font Software created by way of the unauthorized use of HFT's Font Software;
2. Direct that Defendant deliver for destruction at Defendant's expense, *inter alia*, all copies of the infringing works identified herein that bear or were created through the unauthorized use of HFT's Font Software or a derivative version thereof, together with any and all computer files, hard drives, computer programs, solid state drives, disks, CD-ROMs and DVDs bearing unauthorized, derivative and/or infringing copies of the Font Software, as well as any and all other recorded media, graphical representations, displays on the Internet, marketing materials and merchandise in Defendant's possession or under its control that were created or that bear the result of the unauthorized use of HFT's Font Software;
3. Direct the imposition of a constructive trust for all monies received by Defendant from all sales, license, payments, or other benefits received by reason of the unauthorized use of HFT's Font Software;

4. Direct that Defendant be required to pay HFT damages in the amount of $150,000 per infringement together with prejudgment interest for the infringing use of HFT's copyrighted work for all gains, profits, and advantages derived by Defendant though its unauthorized uses of HFT's copyright;

6. Direct that Defendant be ordered to make a written report within a reasonable period of time to be filed with the Court detailing the manner of compliance with the requested injunctive and mandatory relief above;

7. Award HFT the costs of this action together with prejudgment interest, reasonable costs, and attorneys' fees; and

8. Award HFT such other and further relief as the Court may deem just and proper.

## JURY DEMAND

Plaintiff HypeForType, Ltd. hereby demands a trial by jury.

Dated: June 21, 2017

Respectfully submitted,
THE MARTINEZ GROUP PLLC

By: /Frank J. Martinez, Esq./
Frank J. Martinez (FJM-2149)
*Attorney for Plaintiff*
*HypeForType, Ltd.*

THE MARTINEZ GROUP PLLC
55 Poplar Street, Suite 1-D
Brooklyn, New York 11201
718.797.2341 Telephone
FM@martinezgroup.com